SUSAN M. CHEHARDY, Judge.
In this personal injury lawsuit, after a bench trial, the trial judge found that Severin Gaspard and a third-party non-defendant were equally responsible for the accident which caused Darryl Augillard’s injuries. The trial judge awarded Augil-lard damages of $68,500.00, property damages of $800.00 and medical damages of $12,302.31. The trial judge cast Ray Gas-pard’s insurer, Allstate Insurance Company,[1] and the third-party non-defendant each liable for 50% of Augillard’s damages. The trial judge also dismissed Albert Jasmine’s claims and dismissed all claims against Ray Gaspard personally. For the following reasons, we amend and affirm the trial court’s ruling.

Facts

In the early morning hours of August 1, 1998, Juan Aexander (“Aexander”) and a friend were walking on East 13th Street[2] in Reserve, Louisiana when a black Nissan truck pulled up next to them. When the driver asked Aexander to |ssell him drugs, Aexander indicated that he did not sell drugs. The driver, who was later identified as Severin' Gaspard, then pulled his gun' and demanded the gold chain that Aexander was wearing. When Aexander refused, Gaspard began to open the door of his truck. Aexander fired a shot at the driver’s side door as he ran toward the rear of the truck. He continued to fire shots at the.doors and bed of the truck in an attempt to scare Gaspard away and to avoid being shot himself. Gaspard closed the door and drove away. Aexander, who fired eleven shots in all, stopped when Gaspard drove away.
*1179 As Gaspard drove away, he'sideswiped an unoccupied parked car .owned by Albert Jasmine then collided head-on-with a second parked car occupied by the appellee, Darryl Augillard. Augillard, who was sitting in his car outside of Albert Jasmine’ house waiting for Jasmine, heard gunshots, saw the truck coming toward his vehicle and ducked down to protect himself. After the collision, the truck driven by Gaspard crashed into an apartment building.
When the police arrived at the scene, they determined that Severin Gaspard had a gunshot wound to the back of his head. Although Gaspard received emergency medical attention at the scene, he was later pronounced dead.
As a result of the head-on collision, Au-gillard sustained injuries to his chin, neck, back, right shoulder, right hip and right knee. Augillard was transported from the accident scene to River Parishes Hospital and received emergency medical treatment for a laceration on his chin. He was also diagnosed in the emergency room with a cervical strain.
On August 12, 1998, Augillard visited Robert Dale, a chiropractor, complaining primarily of headaches, muscle spasms, and pain in his neck, upper back, and right shoulder and secondarily of lower back and hip pain. Dr. Dale treated Augillard until April of 1999 when Augillard, although he continued to | ¿complain of pain in his back, hip and knee, requested that Dr. Dale discharge him.
Augillard’s car, which he purchased for $800.00, was severely damaged when Gas-pard’s truck collided with it. At the request of St. John Parish Sheriffs Office, which was investigating Gaspard’s death and the collisions, Augillard’s car was towed to Pete’s Body Shop where it was stored at a cost of $9.00/day.[3]
On June 16, 1999, Augillard, Jasmine, and Joseph Torres, the owner of Pete’s Body Shop, filed suit against Ray Gaspard and Severin Gaspard and their insurers for damages each received as a result of the automobile accident.
In August of 1999, Augillard returned to Dr. Dale complaining of pain in his lower back, right hip and right leg. When Augil-lard did not respond to treatment, Dr. Dale ordered an MRI. Dr, Daniel Johnson, Jr., a radiologist with Clearview Medical Imaging, reviewed Aguillard’s MRI and found a “considerable abnormality” of “bilateral posterolateral bulging” in Augil-lard’s two lowest lumbar discs “consistent with broadly based disc herniation.” Dr. Dale referred Augillard to Dr. Stuart Phillips, an orthopedic surgeon, for further medical treatment and surgical consultation.
In September of 1999, Dr. Phillips examined Augillard, reviewed x-rays and an MRI of his neck and back, and determined that Augillard had a torn ligament and two herniated discs in his back. In Dr. Phillips’ opinion, which was consistent with Dr. Johnson’s diagnosis, although the examination reflected degenerative changes in the discs in Augillard’s back which are a normal result of aging, the nature of the “protruding” or “bulging” discs in Augil-lard’s lower back indicated that they were probably “new” and the result of trauma. Dr. Phillips recommended conservative, non-surgical treatment of Augillard’s herniated discs.
| ¡¡After a bench trial on April 16, 2001, the trial judge took the matter under advisement. In her written reasons dated July 20, 2001, the trial court found that:
*1180 ... [Severn Gaspard] voluntarily placed himself in a. situation that led to 'his demise .... his very presence, at that time of the morning and his interaction with Mr. Alexander, strongly suggests criminal activity was afoot.
[[Image here]]
This court agrees that Mr. Gaspard found himself in a position of imminent peril. However, the emergency situation he found' himself in was brought about by his own intentional act. Therefore, the [Sudden Emergency] doctrine would not be applicable to this situation. Hence, Mr. Gaspard would not be shielded from responsibility. The evidence strongly suggests that Mr. Alexander’s actions played a substantial role in this accident.... What is know [is], that the battery of gunshots [fired by Alexander] contributed to Mr. Gaspard’s actions in the operation of his vehicle, resulting in this accident. For this reason, this [C]ourt found Mr.' Alexander equally responsible.
The trial judge found for Darryl Augillard in the amount of $68,500.00, with property damages of $800.00 and medical damages of $12,302.31 with legal interest and for Joseph Torres d/b/a Pete’s Body Shop in the amount of $920.00. The trial court cast Allstate, the Gaspards’ insurer, and third-party non-defendant, Juan Alexander, each in judgment for 50% of the plaintiffs’ damages and court costs. On September 7, 2001, the trial judge denied Allstate’s Motion for New Trial.
On appeal, Allstate argues: (1) the trial court erred in finding that Gaspard was at fault in the accident that caused the plaintiffs’ damages; (2) the trial court erred in finding that the third-party non-defendant was only 50% at fault in the accident, and (3) the trial court erred in the amount of damages awarded to Darryl Augillard. Augillard answers Allstate’s appeal contending that the trial court erred in assigning fault to Juan Alexander and that the trial court’s award of general damages was abusively low.
The determination of the causation and extent of a plaintiffs injuries are questions of fact. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). It is well | ^settled that, on appellate review of a'factual determination, the reviewing court may not set aside the trial court’s findings of fact in the absence of manifest error or unless they are clearly wrong. Id.
The issue to be resolved by the reviewing court is not whether the factfin-der was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State Through DOTD, 617 So.2d 880, 882 (La.1993). The reviewing court must always keep in mind that “if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse;' even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Housley v. Cerise, 579 So.2d 973, 976 (La.1991).
“The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
Our inquiry is whether the trial court was manifestly erroneous in its determination of causation and apportionment of fault. Here, as stated above, the trial *1181 court found that Gaspard and Alexander were both 50% responsible for the damages that resulted from Gaspard’s automobile accident on August 1,1998.
Upon review, we cannot say that the trial court’s determination was unreasonable. Regarding Gaspard’s liability, the trial court noted in its written reasons for judgment, that Gaspard’s “very presence at that time of the morning and. his interaction with Mr.‘ Alexander, strongly suggests criminal activity was 17afoot.” Further, regarding Alexander’s equal liability for the damages, the trial court noted that “the battery of gunshots [fired by Alexander] contributed to Mr. Gaspard’s - actions in the operation of his vehicle, resulting in this accident.” Therefore, the trial court’s determination of causation and apportionment of fault equally to Gaspard and Alexander was not manifestly erroneous. Accordingly, we find that Allstate’s first and second assignments of error and Augillard’s first assignment of error are without merit.
Finally, Allstate argues that the evidence presented at trial does not justify an award of $68,500.00 in general damages to Augillard. Specifically, Allstate argues that the jurisprudence supports an award, at most, of $80,000 for Augillard’s back injury and $4,000.00 for his facial scarring in this case. Conversely, Augillard argues that $68,500.00 was insufficient to compensate him for his injuries. Specifically, he argues that he has a permanent facial scar as the result of the accident which will cost $5,600.00 to have repaired by a plastic surgeon, that he may require back surgery in the future and that he already has past medicals of $9,002.31. He claims that the full policy limits of $100,000.00 should have been awarded.
In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. Reck v. Stevens, 373 So.2d 498 (La. 1979). The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. Id. Only if the reviewing court determines that the trial court has abused its “much discretion” may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion. Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976).
|RBecause discretion vested in the trial court is “great,” and even vast, an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id.
After a thorough review of the record, we note that the objective evidence indicates that, as a result of the accident, Augillard sustained “broadly based disc herniation” of two lumbar discs, which may not require surgery, and a disfiguring facial laceration. The trial court’s general damages award was $68,500.00. We find this award inadequate for the severity of Augillard’s injuries and, as such, constitutes an abuse of the trier of fact’s discretion.
Having so concluded, and though we do not seek uniformity of awards, we look to other decisions involving similar injuries to determine the minimum amount within the trier of fact’s discretion to compensate plaintiff for his injuries. Reck v. Stevens, *1182 supra; Coco v. Winston Industries, Inc., supra. In Riley v. Winn-Dixie Louisiana, Inc., 489 So.2d 931 (La.App. 5 Cir. 1986), writ denied, 494 So.2d 329 (La. 1986), this Court surveyed similar cases and concluded that a general damage award of $ 100,000.00 is the low range for a herniated lumbar disc resulting in a laminectomy.
Considering the nature of plaintiffs injuries and the fact that his injuries did not require surgery, we conclude that the trial judge should have awarded at least $85,000.00 in general damages. We, therefore, conclude that Augillard’s general damages award must be increased to $ 85,000.00, the lowest amoünt within the trier of fact’s discretion.
| Accordingly, the judgment in favor of plaintiff and against defendants in the sum of $ 81,602.31 is amended and increased to the sum of $ 98,102.31. As amended and in all other respects, the judgment is affirmed. Costs of this appeal are assessed in total against appellant.

AMENDED AND AFFIRMED.

. The 1997 Nissan truck driven by Severin Gaspard on August 1, 1998 was covered by his father’s insurance policy with Allstate Insurance Company.

. According to the record, East 13th Street borders a public housing project in Reserve, Louisiana.

. On the date of" trial, storage fees at Pete's Body Shop, which includes the towing fee, for Augillard's 1987 Chevrolet Cavalier totaled $9055.00.