CLARENCE E. McMANUS, Judge.
li/Flie plaintiff, Metairie Carnival Club, Inc., d/b/a Krewe of Zeus (hereinafter MCC) appeals from a ruling of the trial court granting summary judgment in favor of Bruno Brothers Management and Development Company, Inc. (hereinafter Bruno Brothers), dismissing its suit against Bruno Brothers. For the reasons that follow, we reverse the decision of the trial court and remand the matter for further proceedings.
In September of 2009 MCC, through Philip Lundgren, and Damon J. Baldone entered into two agreements: one for the sale of MCC property and a second for the lease of the property back to MCC by Baldone. During that time period, Philip Lundgren was the Captain of MCC. It is alleged that he acted without the permission of the Board of Directors of MCC.
At the time of the sale, Jeff Leaverton and Robert Bruno were members of Bruno Financial Team, LLC (hereinafter Bruno Financial). Jeff Leaverton brought MCC, through Lundgren, and Baldone together for the transaction. Both Lundgren hand Baldone executed a “Disclosure and Consent to Dual Agent Designated Ageney”, allowing dual representation by Jeff Leav-erton. Neither Bruno Financial nor Jeff Leaverton were licensed real estate brokers/agents at the time of the transaction. MCC, through Lundgren, and Bruno Financial, through Leaverton, entered into a Fee agreement in which MCC agreed to pay a consulting fee of $20,000.00 to Bruno Financial at the closing of the sale.
The Act of Cash Sale was executed at the closing. Leaverton directed the closing attorney to make the $20,000.00 check payable to Bruno Brothers. Robert Bruno is also a member of Bruno Brothers, along with his two brothers, Stephen and Joseph. It was alleged that Bruno Brothers was a separate entity from Bruno Financial and that it had no legal interest in the sale and rendered no services to the seller. Bruno Brothers distributed $10,000.00 to Leaver-ton, and retained $10,000.00, allegedly for recompense for monies owed by Leaverton to it.
MCC filed suit against Philip Lundgren, against the purchaser of the property, against Bruno Financial and against Bruno Brothers. As against Bruno Brothers, MCC sought return of the $20,000.00 paid to Bruno Brothers, along with other claims made against the remaining defendants.
The proceedings relevant to this appeal involve cross-motions for summary judgment filed by MCC and Bruno Brothers. In its motion for summary judgment against Bruno Brothers, MCC contended that Bruno Brothers performed no services for MCC and was owed no money by MCC, nevertheless it accepted a $20,000.00 check from MCC and that it should be required to return the payment made as a thing not owed, pursuant to LSA-C.C. art. 2299. MCC further alleged that Bruno Brothers is liable in solido with Bruno Financial, Jeff Leaverton and others for the unauthorized and unsupported payment of the $20,000.00 to Bruno Brothers.
|4In its cross-motion against MCC, Bruno Brothers alleged that the obligation at issue, if any, would be an obligation owed by Jeffrey Leaverton and/or Bruno Financial, and that there is no basis in fact or law to hold Bruno Brothers liable for Mr. Leaverton’s/Bruno Financial’s obligation.
After both cross-motions for summary judgment were heard, the trial court rendered judgment denying the summary judgment motion filed by MCC. It further rendered judgment granting the mo *1001 tion for summary judgment filed by Bruno Brothers, dismissing MCC’s claims against Bruno Brothers. Thereafter, on motion of MCC, the trial court rendered written reasons for judgment, in which it found that the $20,000.00 was paid to Leaverton, who could then spend the funds as he saw fit. Leaverton directed the funds to be paid to Bruno Brothers and Bruno Brothers acted as his agent to receive escrow and disburse the funds. Leaverton then directed Bruno Brothers to distribute $10,000.00 to hita, and to retain $10,000.00 as payment for rents that Leaverton owed to Bruno Brothers. The trial court further stated that any recourse that MCC thought it had should be directed to Leaverton and not Bruno Brothers.
This appeal followed.
DISCUSSION
A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. art.-966(C)(2).
|sAppellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court; which is whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
Richardson v. Louisiana-1 Gaming, 10-262 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895. (Citations omitted)
In this appeal, MCC contends that the trial court erred in denying its motion for summary judgment and in failing to find that Bruno Brothers was obligated to return the payment of the $20,000.00. MCC cites LSA-C.C. art. 2299, which provides that “A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.”
The basis for MCC’s claim that it should not have to pay the $20,000.00 “consulting fee” lies in its assertion that the fee was nothing more than a 4% commission on the sale, to compensate Bruno Financial for its assistance in negotiating the transaction. However, neither Bruno Financial nor Leaverton were licensed real estate agents or brokers at the time of the sale of the property. LSA-R.S. 37:1459 D prohibits persons who are not real estate agents from engineering or assisting in the sale of real property for compensation. Accordingly, Leaverton and/or Bruno Financial were not entitled to the $20,000.00 MCC paid.
Bruno Brothers responds that it did not receive anything from MCC. Instead, Leaverton appointed it to act as manda-tary on his behalf, to receive, escrow and distribute the funds paid to Leaverton and/or Bruno Financial by the closing attorney at the act of sale.
*1002 LSA-C.C. art. 2989 provides that “A mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal.” LSA-C.C. art. 3004 provides that | (-“The mandatary is bound to deliver to the principal everything he received by virtue of the mandate, including things he received unduly.”
Appellees contend that Leaverton was the recipient of the $20,000.00, and that he asked that the check be made out to Bruno Brothers because he owed them money and he was too “lazy” to cash the check and then write one out to them. Bruno Brothers accepted the check, paid themselves the money owed to them and then remitted the rest to Leaverton.
We have reviewed the evidence presented in this case and find that there are genuine issues of material fact so as to preclude summary judgment in this case.
Initially we note that the nature of the $20,000.00 payment is at issue. MCC alleges that it was a commission paid as a result of the sale of the property, while the recipients allege that the payment was a “consulting fee.” In addition, it is unclear whether the $20,000.00 was paid to Leav-erton individually, or to Bruno Financial.
Also at issue is the status of Bruno Brothers in this transaction. Bruno Brothers alleges that it and Bruno Financial are totally separate entities and that Bruno Brothers was merely acting as a mandatary, while MCC contends that Bruno Brothers and Bruno Financial are intermingled to such an extent that the actions of one are the actions of the other. We note that Robert Bruno is a member of both entitles, and testified for both.
MCC further argues that the trial court erred in making an implicit finding that Leaverton “earned” the $20,000.00 it paid and in directing MCC to seek reimbursement from Leaverton. This language referred to by MCC is found in the court’s reasons for judgment. However, the reasons for judgment are not the judgment itself, LSA-C.C.P. art. 1918, and appeals are taken from the judgment, not the written reasons for judgment. Dufresne v. Dufresne, 10-963 (La.App. 5 Cir. 5/10/11), 65 So.3d 749. Reasons for judgment set forth the basis for the court’s holding and are not binding. Id. Thus, Leaverton and/or Bruno Financial will not be able to rely on these findings in further proceedings.
Considering the record before us within the confines of LSA-C.C.P. art. 966, we find that there are genuine issues of material fact in this matter. Accordingly, we find that the trial court erred in granting Bruno Brothers’ motion for summary judgment, and we reverse the judgment of the trial court that granted summary judgment in favor of Bruno Brothers.
MCC also argues that the trial court erred in denying its motion for summary judgment, in which it alleged that it was entitled to the return of the $20,000 from Bruno Brothers. For the reasons expressed above finding genuine issues of material fact, we also find that the trial court did not err in denying MCC’s motion for summary judgment against Bruno Brothers, and therefore we affirm that portion of the trial court’s judgment.
For the above discussed reasons, the ruling of the trial court granting summary judgment in favor of Bruno Brothers Management and Development Company, Inc., dismissing plaintiffs claims against it, is reversed. The ruling of the trial court denying summary judgment in favor of MCC is affirmed and the case is remanded. Costs are assessed equally between the parties.

*1003
AFFIRMED IN PART; REVERSED IN PART; REMANDED