DUNWOODIE MCDUFFIE, JR. AND CHERYL MCDUFFIE

VERSUS

STATE FARM MUTUAL AUTOMOBILE COMPANY, JACOB A. MULLINS, HEIDI KING AND LIEREN GROS

NO. 19-CA-344

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 762-955, DIVISION "M"
HONORABLE HENRY G. SULLIVAN, JR., JUDGE PRESIDING

December 30, 2019

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.

**AFFIRMED**
    **RAC**
    **FHW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
DUNWOODIE MCDUFFIE, JR. AND CHERYL MCDUFFIE
    Wayne M. LeBlanc

COUNSEL FOR DEFENDANT/APPELLEE,
STATE FARM MUTUAL AUTOMOBILE COMPANY AND JACOB A.
MULLINS
    Stephen C. Resor
    Amy Dunn Hotard
    Stephannie M. England

**CHAISSON, J.**

In this personal injury case arising out of an automobile accident, Dunwoodie McDuffie, Jr. and his wife, Cheryl McDuffie, appeal a judgment of the trial court that awarded Mr. McDuffie $5,210 against Jacob Mullins and State Farm Mutual Automobile Insurance Company ("State Farm"), and dismissed Mrs. McDuffie's claim for loss of consortium with prejudice.[1] In his appeal, Mr. McDuffie raises issues regarding the trial court's findings regarding the extent of his injuries and the alleged inadequacy of the damage award for his injuries. For the reasons that follow, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On August 3, 2015, while stopped in traffic on I-10 in East Baton Rouge Parish, Mr. McDuffie's Ford F-150 was rear-ended by a Nissan Xterra SUV driven by Jacob Mullins and insured by State Farm. On July 15, 2016, the McDuffies filed a suit for damages against Mr. Mullins and State Farm for injuries allegedly sustained by Mr. McDuffie in the accident.[2],[3]

In their lawsuit, the McDuffies alleged that the sole and proximate cause of the accident was the negligence of the defendants. They also alleged that Mr. McDuffie sustained injuries in the accident "to his shoulders, neck and back causing him pain, interference with his normal activities in addition to medical expenses, loss wages and general damages in excess of $50,000." They further

---

[1] Mrs. McDuffie did not appear at the trial of this matter to pursue her claim. Although an appeal was filed on her behalf in the trial court, no brief has been filed on her behalf in this Court and no alleged errors regarding the trial court's dismissal of her claim for loss of consortium have been assigned before this Court. This opinion therefore does not discuss or analyze that part of the trial court's judgment that dismisses her claim.

[2] The McDuffies' suit also named Heidi King and Lieren Gros, the owners of the Nissan Xterra SUV, as defendants; however, at the commencement of trial, the McDuffies dismissed their claims against Ms. King and Ms. Gros with prejudice.

[3] State Farm was named as a defendant in this suit both as the insurer of the vehicle driven by Mr. Mullins and as the underinsured motorist insurer on a personal liability policy carried by Mr. McDuffie.

alleged that as a result of the injuries to Mr. McDuffie, his wife Cheryl suffered "a loss of companionship and consortium."

After the McDuffies stipulated that their damages in this matter did not exceed $50,000, the matter proceeded to a judge trial on February 27, 2019. At trial, Mr. McDuffie asserted that, although he had pre-existing injuries to his right shoulder, as a result of this accident he sustained a tear to his right rotator cuff involving the supraspinatus tendon, which was an acute, new injury. In response, defendants maintained that this was a slow speed, low-impact collision in which Mr. McDuffie either suffered no injuries or in which he merely aggravated a pre-existing injury to his right shoulder with treatment for that injury over a two month period.

After the receipt of post-trial memorandum from both parties, the trial court rendered judgment on April 8, 2019, in favor of Mr. McDuffie for $210 in special damages and $5,000 in general damages, plus court costs and interest from the date of judicial demand until paid. Because Mrs. McDuffie failed to appear at trial to pursue her claim, the trial court also dismissed her loss of consortium claim.

In response to a request for written reason, the trial judge issued reasons for judgment indicating that "[l]iability was not disputed" and that the "evidence and testimony at trial indicated a relatively minor low-impact accident." The trial judge further found that as a result of the accident Mr. McDuffie sustained an "aggravation of a pre-existing condition which increased Plaintiff's pain and discomfort for a limited period of time." He therefore awarded Mr. McDuffie $210 in special damages, "half the cost of two visits to Dr. Cazale in which he complained of right should pain, although his primary concern was recorded as left ankle pain," and further awarded him "approximately two months of pain and suffering, even though he reported only minor pain and a subsequent fall on September 21, 2015."

It is from the April 8, 2019 judgment that the McDuffies now appeal. In his appeal, Mr. McDuffie raises three assignments of error:

1. The Trial Court erred in finding the injury suffered by Dunwoodie McDuffie to his right shoulder was an "aggravation of a pre-existing condition which increased Plaintiffs (*sic*) pain and discomfort for a limited period of time," that period being a duration of two months.

2. The Trial Court erred in finding Dunwoodie McDuffie, Jr. suffered from a "subsequent fall" on September 21, 2015.

3. The Trial Court erred in awarding only $210.00 in special damages, the cost of one half of two office visits to Dr. Cazale, and only $5,000.00 in general damages which represents "approximately two months of pain and suffering."

## DISCUSSION

On appeal, the conclusions of the factfinder may not be disturbed by the reviewing court unless they are manifestly erroneous or clearly wrong. *Estes v. Wal-Mart Stores, Inc.*, 01-289 (La. App. 5 Cir. 10/17/01), 800 So.2d 1018, 1022. The issue to be resolved on review is not whether the factfinder was right or wrong, but whether the conclusion was a reasonable one. *Id.* Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Simmons v. Jackson*, 18-141 (La. App. 5 Cir. 12/19/18), 262 So.3d 995, 998. Where there are two views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.* When findings are based on determinations regarding the credibility of witnesses, the manifest error – clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations of demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Id.*

In his first assignment of error, Mr. McDuffie argues that the trial court manifestly erred in finding the injury he suffered was an "aggravation of a pre-

existing condition which increased Plaintiffs (sic) pain and discomfort for a limited period of time," that period being a duration of two months. At trial, the court heard testimony about the accident from Mr. McDuffie, Mr. Mullins, and Brice McDuffie, who claims to have been a passenger in the truck at the time of the accident, though he is not listed as a passenger in the accident report and Mr. Mullins claims to have never seen him there. Mr. McDuffie testified that he did not seek immediate medical treatment following the accident. The court also saw photographs of the two vehicles involved in the accident which show only minor damage to the vehicles.

With regard to medical evidence, the court considered the deposition testimony of Mr. McDuffie's two treating physicians, Dr. Felix Savoie and Dr. John Cazale, the latter by selected excerpts from discovery in another lawsuit filed by Mr. McDuffie, *Dunwoodie McDuffie, Jr. et al v. Hillstone Restaurant Group, Inc. et al.*, USDC Case No. 2:16-cv-06733, wherein Mr. McDuffie claims he sustained injuries to his ankle, shoulder, neck, back, and head as a result of a slip-and-fall at Houston's restaurant on May 27, 2015. Both doctors testified regarding Mr. McDuffie's treatment and injuries to his shoulders both before and after the August 3, 2015 automobile accident. Mr. McDuffie was treated on June 8, 2015, for shoulder pain relating to a purported slip-and-fall as well as a sprained ankle. He was evaluated again by Dr. Cazale on August 4 at an appointment scheduled prior to the occurrence of the automobile accident. At that time, Mr. McDuffie reported continued ankle pain and pain in his right shoulder following a vehicle collision. On August 28, 2015, Mr. McDuffie continued to treat with Dr. Cazale for his ankle pain, and an MRI taken of his shoulders on August 21, 2015, was reviewed which revealed a tendon tear in his right shoulder. On September 21, 2015, Mr. McDuffie met with Dr. Savoie for left and right shoulder pain. At that time, he rated his pain as a 1 out of 10 on the pain scale and claimed that he injured

his shoulder when he slipped and fell at Houston's. Mr. McDuffie made no reference to the automobile accident, and Dr. Savoie testified that he was unaware Mr. McDuffie had been in an automobile accident until his trial deposition in February of 2019. Following the September 21, 2015 office visit with Dr. Savoie, Mr. McDuffie did not seek medical attention for his right shoulder until a February 1, 2016 visit with Dr. Cazale. He continued to treat with Dr. Cazale for four months for other orthopedic issues but without any complaints of right shoulder pain.

In addition to Mr. McDuffie's own testimony regarding his May of 2015 slip-and-fall at Houston's restaurant, the court also considered the deposition testimony and evidence of Mr. McDuffie's long history of injury and shoulder treatments going back to 2010.

Upon review of the evidence in the record, we find that the trial court was not manifestly erroneous in its determination that Mr. McDuffie's injury was an aggravation of a pre-existing condition which increased Mr. McDuffie's pain and discomfort for a limited period of time.

We turn next to appellant's second assignment of error: that the trial court erred in its written reasons for judgment in finding that Mr. McDuffie suffered a "subsequent fall" on September 21, 2015.

A judgment and reasons for judgment are two separate and distinct documents. La. C.C.P. art. 1918; *Dufresne v. Dufresne*, 10-963 (La. App. 5 Cir. 5/10/11), 65 So.3d 749, 754. Appeals are taken from the trial court's final judgment, not the written reasons for judgment. *Knight v. Magri*, 15-543 (La. App. 5 Cir. 2/24/16), 188 So.3d 311, 314, *citing Aderholt v. Metro Sec., Inc.*, 14-880 (La. App. 5 Cir. 3/25/15), 169 So.3d 635, 643. Reasons for judgment set forth the basis for the court's holding and are not binding. *Metairie Carnival Club, Inc. v. Lundgren*, 12-246 (La. App. 5 Cir. 10/20/12), 102 So.3d 999, 1002. Where the

trial court's reasons for judgment are flawed, but the judgment is correct, the judgment controls. *Dileo v. Horn*, 15-684 (La. App. 5 Cir. 3/16/16), 189 So.3d 1189, 1208.

Upon review, we find no evidence in the record to support the trial court's statement in the written reasons for judgment regarding a "subsequent fall" on September 21, 2015. As mentioned, the record does include deposition testimony from one of Mr. McDuffie's treating orthopedic surgeons, Dr. Savoie, who stated that he evaluated Mr. McDuffie on September 21, 2015, a few weeks following the automobile accident, and at that time, Mr. McDuffie stated that his shoulder pain was 1 out of 10 and claimed that he felt acute pain in his shoulder following a trip and fall at Houston's restaurant weeks prior to the September 21, 2015 visit. At that time, Mr. McDuffie made no reference whatsoever to the August 3, 2015 automobile accident. To the extent that the trial court's reasons for judgment may be read as postulating a "subsequent fall" which may have occurred after the August 3, 2015 automobile accident, there is no evidentiary support for such a fall in the record. However, to the extent the trial court relied on the doctor's testimony of the September 21, 2015 evaluation and the information relayed by Mr. McDuffie at that time concerning the fall as the source of his pain, rather than the automobile accident, the trial court's reasonable assumption and reliance on Dr. Savoie's testimony is not manifestly erroneous. Regardless, we find that the evidence in the record provides ample support for the trial court's determination regarding the nature of the injury to Mr. McDuffie's right shoulder and the extent of that injury.

We therefore turn our attention to Mr. McDuffie's third and final assignment of error, which questions the adequacy of the trial court's determinations regarding the damages awarded.

On appellate review of general damage awards, the court must accord much discretion to the trial court judge. *Augillard v. Gaspard*, 01-1333 (La. App. 5 Cir. 5/30/02), 820 So.2d 1177, 1181. The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. *Id.* Because discretion vested in the trial court is "great," and even vast, an appellate court should rarely disturb an award of general damages. *Id.* It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. *Id.*

As discussed above, the trial court reasonably concluded from the evidence presented that the August 3, 2015 automobile accident caused Mr. McDuffie an aggravation of a pre-existing condition resulting in an increase in pain and discomfort for a limited period of time. Accordingly, we find no abuse of the trial court's vast discretion regarding the awards of $210 in special damages and $5,000 in general damages to Mr. McDuffie.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court awarding Mr. McDuffie $210 in special damages and $5,000 in general damages, plus court costs and interest from the date of judicial demand until paid. Each party shall bear his/its own costs of this appeal.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-344

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE HENRY G. SULLIVAN, JR. (DISTRICT JUDGE)
WAYNE M. LEBLANC (APPELLANT)          STEPHANNIE M. ENGLAND (APPELLEE)

### MAILED
STEPHEN C. RESOR (APPELLEE)
AMY DUNN HOTARD (APPELLEE)
MARCELLE P. MOULEDOUX (APPELLEE)
ATTORNEYS AT LAW
365 CANAL STREET
SUITE 1710
NEW ORLEANS, LA 70130