735 So.2d 41 (1999)
GULF CONTAINER REPAIR SERVICES, INC.
v.
FIC BUSINESS & FINANCIAL CENTERS, INC.
No. 98-CA-1144.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
*42 R.A. Osborn, Jr., R.A. Osborn, III, Osborn & Osborn, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Michelle E. Scott-Bennett, Pamela A. Davis, Gretna, Louisiana, Attorneys for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD, and THOMAS F. DALEY.
GOTHARD, Judge.
At issue in this appeal is the nature of the oral agreement between plaintiff, Gulf Container Repair Services, Inc. (Gulf Container), and defendants, FIC Business and Financial Centers, Inc. (FIC), and E. Bing Aidoo. Gulf Container filed a petition in which it alleged that FIC and Mr. Aidoo purchased auto parts for shipment to Africa at a cost of $70,000.00, in addition to two containers for the shipment of those parts for $3,200.00. According to the petition, defendants paid the $3,200.00, but still owe the $70,000.00.
Defendants filed an answer and reconventional demand for $7,800.00 in freight charges and duty charges of $40,000.00. The record also reflects that a petition for intervention was filed in this matter by David L. Colvin & Associates, Inc. for legal fees rendered to Gulf Container in the amount of $3,987.50.
After a trial on the merits, the trial court rendered judgment in favor of plaintiff, Gulf Container, in the amount of $70,000.00 plus interest and costs. The judgment casts both FIC and Mr. Aidoo in judgment in solido. The judgment also dismisses defendants' reconventional demand and awards intervenor $3,000.00[1]. Defendant, E. Bing Aidoo, filed a timely appeal. The only issue presented for review by Mr. Aidoo's appeal is the sufficiency of proof offered by plaintiff to establish a contract of sale.[2]
Kyle Chisholm, president of Gulf Container, testified that he had business dealings with Mr. Aidoo, before the one at issue in this law suit, in which Gulf Container sold containers to Mr. Aidoo. Mr. Chisholm further testified that in the transaction which forms the basis of this lawsuit, the agreement between the parties was that he would buy certain auto parts from George Sacco, and in turn sell the parts to Mr. Aidoo. Mr. Aidoo was given an inventory of the auto parts and Gulf Container purchased the parts from Mr. Sacco as agreed. Included in the record is a bill of sale from Sacco to Gulf Container for assorted auto parts at a total price of $65,000. Also included in the record is the canceled check from Gulf Container to Sacco for payment of the bill of sale. Mr. Chisholm testified that he sold the parts to Mr. Aidoo for $70,000 and sent him an invoice reflecting that amount plus $3,300 for two containers. The record contains a copy of that invoice. Mr. Chisholm stated that Mr. Aidoo paid the $3,300 for the containers, but refused to pay the balance of the invoice. Mr. Chisholm testified that when he questioned Mr. Aidoo about the money owed, Mr. Aidoo stated that he was supposed to pay after the auto parts arrived in Africa. Mr. Chisholm denied any such agreement and stated that the sale was the only agreement he made with Mr. Aidoo. He denies that the parties entered into a joint venture agreement relating to the re-sale of the auto parts.
George Sacco testified at trial. He verified the sale of auto parts to Gulf Container for $65,000. He further stated that Mr. Chisholm and Mr. Aidoo both inspected the parts before they were purchased. They were also provided with an inventory *43 of the parts, although he did not recall if Mr. Aidoo made a personal inventory. The parts were new automobile parts and were boxed and labeled. The parts were then packed in two shipping containers. Mr. Sacco testified that his understanding was that the parts would be re-sold to Mr. Aidoo.
Mr. Aidoo testified that he has known Mr. Chisholm since the mid-1980's, and considered him both a friend and a business associate. Mr. Aidoo stated that he had purchased some rice for shipment to Africa. He approached Mr. Chisholm for the purchase of shipping containers. Mr. Aidoo intended to "test the market" for the container business. He ordered and paid for twelve containers from Mr. Chisholm. The invoice reflecting that sale, dated August 30, 1995, is in the record. Mr. Aidoo stated that he received the invoice for the auto parts from Mr. Chisholm, but did not pay it because the agreement between the parties was that Mr. Aidoo would try to find a buyer for the auto parts. Mr. Aidoo denies any agreement with Mr. Chisholm to purchase the parts. Mr. Aidoo explained that he shipped rice, auto parts, toilet tissue, bottled drinks, and four automobiles to Africa. He maintains that the auto parts are unsold and still belong to Mr. Chisholm. Documentation contained in the record shows that Mr. Aidoo paid for the shipping on all of the items, including the auto parts, shipped to Africa.
LSA-C.C. article 2439 provides that a "sale is a contract whereby a person transfers ownership of a thing to another for a price in money". The requirements for the perfection of a sale are, the thing, the price, and the consent of the parties. LSA-C.C. article 2438 provides that the contract of sale is governed by the rules of general obligation and contract law where no special provision is made. LSA-C.C. article 1846 requires that an oral contract in excess of $500.00 must be proven by at least one witness and other corroborating evidence. Deubler Elec. v. Knockers of Louisiana, 95-372 (La.App. 5 Cir. 11/15/95), 665 So.2d 481, 483.
It is undisputed that any agreement between the parties was not reduced to writing. It is also clear that defendants took delivery of the auto parts from plaintiff, shipped them to Africa and then refused to pay the invoice for the parts. Plaintiff argues the agreement was a contract of sale and it is entitled to the amount billed on the invoice. Mr. Aidoo denies that a sales agreement was made between the parties, and maintains he was acting as an agent for sale of the auto parts.
In brief to this court Mr. Aidoo argues that plaintiff failed in its burden of proof. He argues that the evidence presented by plaintiff was insufficient to prove a contract of sale under LSA-C.C. Article 1846.
Although a party may offer his own testimony in support of a claim of an oral contract in excess of $500.00, other circumstances which corroborate the claim must also be shown. Deubler Elec. v. Knockers of Louisiana, supra. Corroborating circumstances must come from a source other than the plaintiff. Hilliard v. Yarbrough, 488 So.2d 1038 (La.App. 2 Cir.1986). Only general corroboration is required, it is not necessary that plaintiff offer independent proof of every detail. The question of whether evidence presented is sufficient to corroborate a claim under article 1846 is a finding of fact to be made by the trier of fact and will not be overturned unless it is clearly wrong. Lee Eyster & Associates, Inc. v. Favor, 504 So.2d 580 (La.App. 4 Cir.1987), writ denied, 507 So.2d 232 (La.1987); Pennington Const. Inc. v. R A Eagle Corp., 94-575 (La.App. 1 Cir. 3/3/95), 652 So.2d 637.
In the instant case the trial court considered testimony from the plaintiff, defendant and a third party, George Sacco. The trial court also had the corroborating circumstances presented by the documentary evidence. An invoice for the auto parts was sent by plaintiff, and there is no *44 documentation of Mr. Aidoo's claim that the invoice was improperly sent. Further, it is clear from other documentation that Mr. Aidoo paid the shipping on all the items shipped including the auto parts. He made no distinction between the parts in question and other items shipped which he admitted he purchased. Given the evidence in the record, we find no error in the trial court's finding that a contract of sale existed between the parties. Accordingly, we affirm.
AFFIRMED.
NOTES
[1] The plaintiff and the intervenor reached a compromise and the award to the intervenor reflects that amount. Consequently, that portion of the judgment which awards $3,000.00 to the intervenor is not at issue in this appeal.
[2] Mr. Aidoo does not contest the finding that he is solidarily liable with defendant FIC, and it is obvious that FIC is a closely held corporation. Therefore that issue will not be considered in this opinion.