817 So.2d 236 (2002)
Thomas MARCANTEL and Elaine Marcantel
v.
JEFFERSON DOOR COMPANY, INC.
No. 01-CA-1307.
Court of Appeal of Louisiana, Fifth Circuit.
April 10, 2002.
*237 Roy M. Bowes, Mark A. Moeller, Bowes & Marrero, Gretna, LA, for Defendant/Appellant.
Daniel E. Becnel, III, LaPlace, LA, for Plaintiffs/Appellees.
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
GOTHARD, Judge.
Plaintiffs, Thomas and Elaine Marcantel (the Marcantels), filed suit for breach of contract alleging that defendant, Jefferson Door Company, Inc. (Jefferson Door), delivered kitchen cabinets inferior to those ordered by plaintiffs, and failed to refund plaintiffs' deposit when the mistake was brought to its attention. Jefferson Door filed an answer and reconventional demand which asserted that the Marcantels received the cabinets exactly as ordered and failed to pay the balance due. In due course, the matter went before the bench for a trial on the merits. After hearing the testimony and considering the documentary evidence, the trial court rendered judgment in favor of the plaintiffs, ordering defendant to refund the deposit. The judgment further dismissed defendant's reconventional demand. It is from that judgment that defendant appeals.
The record shows that the Marcantels, as part of a kitchen renovation in their home, selected cabinets from Jefferson Door. The Marcantels thought they were ordering cabinets constructed of all wood. However, when the cabinets were delivered, the Marcantels discovered that the interior of the cabinets were constructed of laminated particle board. They called the sales representative at Jefferson Door, to complain of the problem. Conversations between Mr. Marcantel and representatives of Jefferson Door failed to resolve the dispute and this suit was filed.
At trial, the court heard testimony from Mr. Marcantel who stated that he and his wife went to Jefferson Door to select kitchen cabinets. They spent a considerable amount of time with Mary Jane Ziefel, the cabinet designer for Jefferson Door. The Marcantels told Ms. Ziefel that they wanted cabinets of all wood construction and were shown various possibilities. During the conversation Ms. Ziefel showed them *238 custom made cabinets which featured all wood construction. However, these cabinets were considerably more expensive and would take much longer than the six to eight weeks the Marcantels had until the cabinets would be needed. They ultimately selected from the cabinets on display at the showroom. However, they wished to upgrade to all wood. Mr. Marcantel testified that Ms. Ziefel assured him that in the upgrade the construction would be all wood. Mr. Marcantel testified that he understood he was not ordering custom made cabinets, but thought that he was ordering manufactured cabinets which were constructed of solid wood doors, drawers and toe kicks and plywood interior. When the cabinets were ordered, the Marcantels paid a $2900.00 deposit toward the total purchase price of $5,955.93.
When the cabinets were delivered, the Marcantels opened the boxes and found that the interior construction was of laminated particle board. Because it was a Saturday, Mr. Marcantel was unable to reach Ms. Ziefel, so he left a message for her. On Monday morning he stopped payment of the check he had given to Jefferson Door upon delivery of the cabinets. He spoke to Ms. Ziefel later that day, but was told there was nothing she could do. Mr. Marcantel asked to speak to a supervisor and had a conversation with Mr. Weasly, who offered several options including a return of the cabinets for a full refund. However, Jefferson Door did not pick up the cabinets as scheduled and Mr. Marcantel did not receive a refund of his deposit. The Marcantels did receive a demand letter from an attorney representing Jefferson Door seeking to collect the balance due on the cabinets.
Mrs. Marcantel also testified at trial. Her testimony corroborates that of her husband on the significant factual issues. She testified that they wanted cabinets of all wood construction and thought that was what they had ordered. She recalled looking at the cabinets on display and being shown the solid wood doors and drawers. She did not actually open the cabinet to verify that the interior was also wood, although Ms. Ziefel did open a drawer to show the all wood construction and dovetailing.
Mary Jane Ziefel testified that she recalled the meeting with the Marcantels. Ms. Ziefel stated that the Marcantels did indeed want all wood cabinets. However, when they explored the possibilities, the Marcantels decided that all wood custom made cabinets would not fit into their budget or time frame, so they settled on manufactured cabinets with some upgrades. The Marcantels ordered from the display in the showroom, and those cabinets have particle board interiors. Ms. Ziefel admitted that one would have to open the cabinet to see the particle board because the exposed areas of the cabinets are constructed of solid wood.
The documentary evidence introduced at trial includes photos of the display cabinets and documents used to evidence the sale and the order. There is an invoice from Jefferson Door which gives a sales order number and reflects the total price, the deposit, and the remaining balance. It refers to an attachment in which the cabinets ordered are itemized. However, there is nothing in any of the documents which indicates the type of construction. The itemized list of the cabinets identifies the manufacturer and the appropriate number for each cabinet ordered. The descriptions of the cabinets are nothing more than manufacturer's numbers.
At the conclusion of the trial, the court rendered judgment in favor of plaintiffs, and in reasons for judgment found that no contract of sale was perfected as there was no meeting of the minds as to the "thing" *239 represented by the contract. In support of that position, the trial court made findings of fact as follows:
In the case sub judice, Mr. Marcantel stated that he made it clear to the salesperson that he was interested only in cabinets of a wood construction. Moreover, the court finds that the totality of the circumstance supports this position. That is, Jefferson representatives testified that Mr. Marcantel wanted wood cabinets, but that he could not afford them. Admittedly however, Jefferson never quoted Mr. Marcantel a price for wood cabinets. Additionally, the court finds that there was evidence submitted that Mr. Marcantel was shown wood display cabinets which were factory made, but then he was told that he could only custom order all-wood cabinets. Thus, the court finds defendant's argument that Mr. Marcantel knew the cabinets he was purchasing were not wood to be without merit. (Footnote omitted, emphasis in original).
In brief to this Court, Jefferson Door asserts that the trial court erred in making certain factual findings and, consequently, incorrectly found that a contract of sale did not exist. Specifically, defendant argues the trial court incorrectly stated:
(1) That the only evidence submitted which evidenced the purchase of the cabinets was a receipt allegedly delivered with the cabinets.
(2) That the plaintiffs were shown a non-custom all-wood display cabinet at Jefferson Door.
Defendant also asserts the trial court erred in failing to find that Jefferson Door had proven its reconventional demand and, in the alternative, in failing to order the cabinets returned to Jefferson Door.
LSA-C.C. art. 2439 defines a contract of sale and lists three requirements for its perfection. Those requirements are the thing, the price, and the consent of the parties. LSA-C.C. art. 2456 requires a meeting of the minds on the thing, and the price, to perfect a contract of sale and transfer ownership. LSA-C.C. article 2438 provides that the contract of sale is governed by the rules of general obligation and contract law where no special provision is made. Gulf Container Repair Services, Inc. v. FIC Business & Financial Centers, Inc., 98-1144 (La.App. 5 Cir. 3/10/99), 735 So.2d 41, 43. LSA-C.C. art. 1927 provides that a contract is formed by the consent of the parties established through offer and acceptance. Philips v. Berner, 00-0103 (La. App. 4 Cir. 5/16/01), 789 So.2d 41, 45, writ denied, XXXX-XXXX (La.9/28/01), 798 So.2d 119, reconsideration denied, XXXX-XXXX (La.11/9/01), 801 So.2d 1066. Under Louisiana law, formation of a valid and enforceable contract requires capacity, consent, a certain object, and a lawful cause. Id. The court must find there was a meeting of the minds of the parties to constitute the requirement of consent. Id.
It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989).
In the matter before us, there is no written contract. There is an invoice which shows that Jefferson Door placed an order for cabinets for the Marcantels for a set price. The invoice refers to an attached itemization which gives the quantity and description of the cabinets ordered. *240 However, nothing in any of the documentation indicates type of construction. Jefferson Door also introduced pictures of display cabinets which it maintains was ordered by the Marcantels. All exposed parts appear to be solid wood. In one photograph a door is open to reveal the interior of the cabinet. Testimony at trial shows that the interior is particle board.
The remainder of the evidence is testimony given by the parties. It is undisputed that the Marcantels went to Jefferson Door and requested kitchen cabinets constructed of all wood. The difference in testimony between the Marcantels and Jefferson Door is whether the Marcantels changed their criteria when they discovered the additional cost and time required to get the all wood cabinets, and ultimately ordered cabinets with particle board interior. It is in this regard that the testimony is conflicting. The trial judge accepted the Marcantels' testimony that they thought they were ordering all wood cabinets and, therefore, found there was no meeting of the minds of the parties. Jefferson Door argues, and we agree, that in making that determination the trial judge incorrectly found that the Marcantels were shown all wood, non-custom cabinets in the showroom when they placed their order. The record shows that they were shown cabinets on which all exposed parts were solid wood, and one would only see the particle board interior upon opening the door. Mrs. Marcantel testified she did not look at the interior of the cabinet and Ms. Ziefel only opened a drawer, which was all wood construction, to show the dovetail construction.
Considering our standard of review, and the evidence presented at trial, we cannot find the trial court was manifestly erroneous or clearly wrong in its ultimate finding that no meeting of the minds of the parties occurred, the misstatement of fact notwithstanding. Accordingly, we affirm the trial court's ruling in this regard. Because we find no contract existed between the parties, we also find the trial court's decision to dismiss Jefferson Door's reconventional demand correct. Nevertheless, we find merit in defendant's assertion that the trial court erred in failing to order the Marcantels to return the cabinets. Because there was no contract perfected, ownership of the cabinets did not transfer to the Marcantels. LSA-C.C. art. 2456. Accordingly, we amend the judgment to order the Marcantels to timely return the cabinets to Jefferson Door, and affirm the judgment as amended.
All costs of this appeal are assessed to appellant.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.