876 So.2d 179 (2004)
Richard A. ARIAS
v.
Joseph G. ALBE.
No. 04-CA-26.
Court of Appeal of Louisiana, Fifth Circuit.
May 26, 2004.
*180 R. Ray Orrill Jr., New Orleans, LA, for Plaintiff/Appellee.
Joseph G. Albe, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
At issue in this breach of contract and attorney fee dispute is whether the trial court erred in finding that a reciprocal services contract existed between two attorneys for the sum of $5,000.00 each, and that defendant-appellant was not entitled to keep $20,000.00 he asserted was awarded to him as attorney fees. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Richard Arias, and defendant, Joseph Albe, are attorneys who allegedly agreed with one another to render legal and expert services in two suits filed in Jefferson Parish. In 1996, Richard Arias filed suit in proper person against his former employer, Cytec Industries, alleging wrongful termination. That case was allotted to Judge Patrick McCabe. Prior to 1996, Joseph Albe filed a toxic tort suit on behalf of Cheryl Franklin against her employer, Cytec Industries. The Franklin case was allotted to Judge Melvin Zeno. Plaintiff asked defendant to serve as co-counsel in his wrongful termination case. Plaintiff offered to be expert in the Franklin case.
On March 27, 1996, plaintiff sent defendant a letter to confirm their discussion about the "possibility" that they would exchange services in these cases, with each to be paid $5,000.00 when both cases were completed. Defendant enrolled in plaintiff's case.
In August 2000, plaintiff sent defendant a letter suggesting that the two attorneys needed to agree on a fee schedule in the event the matter went to trial. The letter stated that Albe would get 25% of the net proceeds from Arias v. Cytec, after expenses, and 100% of the contempt of court fee in Arias v. Cytec, if the case went to trial. Plaintiff wanted to go to trial; while defendant did not think the case could be won at trial.
In Arias v. Cytec, Cytec failed to fully respond to certain discovery requests, prompting contempt proceedings. Following those proceedings, Cytec was found to be in contempt of court and defendant submitted an attorney fee petition to Judge McCabe seeking $32,250.00 in attorney fees. Defendant noted that he would *181 accept $25,000.00 in attorney fees at the contempt hearing. Judge McCabe did not issue a judgment awarding defendant any attorney fees at the contempt hearing.
Defendant persuaded plaintiff to settle the case against Cytec. Plaintiff told defendant that he would settle the case for $75,000.00. There is a dispute as to the substance of these settlement discussions between plaintiff and defendant. Plaintiff states that defendant told him that Cytec was willing to pay $75,000.00 immediately and subsequently give defendant $25,000.00 in attorney fees. However, defendant asked plaintiff to loan him $25,000.00, which he would pay back to plaintiff when he received the $25,000.00 from Cytec. Defendant argues that the $25,000.00 is owed to him as attorney fees in this case. Plaintiff contends that his appreciation of settlement discussions with defendant was that Cytec would tender $75,000.00 to him and an additional $25,000.00 to Albe as attorney fees on the contempt of court ruling.
Cytec did offer to settle the case for $75,000.00. Defendant accepted this offer on plaintiff's behalf. Defendant called Cytec's attorney, William Bologna, and asked him to have one check issued in the amount of $50,000.00 payable to plaintiff, Richard Arias, and another check in the amount of $25,000.00 payable to him. Mr. Bologna complied with this request even though he thought it was a little odd because he knew both men were attorneys. Mr. Bologna testified that Cytec never agreed to tender an additional $25,000.00 in attorney fees and that it would never have agreed to pay that amount of attorney fees for a contempt of court proceeding. Mr. Bologna further testified an attorney fee award was not reduced to writing or agreed upon by Judge McCabe in conjunction with the contempt of court.
Sometime later, plaintiff requested that defendant give him $20,000.00. Defendant refused, stating that was his attorney fee. Defendant filed a motion to set attorney fees. At that hearing, Judge McCabe stated that $25,000.00 in attorney fees was not unreasonable in this case. The judge did not award defendant $25,000.00 for a contempt of court fee. The judge declined to decide the attorney fees issue, noting there was a dispute as to attorney fees because plaintiff contended the parties had a verbal agreement limiting fees to $5,000.00. The judge noted that a separate suit for attorney fees should be filed. The transcript of that hearing reflects that Judge McCabe stated that he thought $25,000.00 was a reasonable fee.
In January 2002, plaintiff filed this suit in First Parish Court against defendant seeking return of $20,000.00 defendant kept as attorney fees. Plaintiff's petition contends that the parties agreed to $5,000.00 each and that a subsequent modification was never confected. Defendant filed a reconventional demand for defamation, asserting his damages were more than $20,000.00 but less than $50,000.00, in excess of the First Parish Court jurisdictional limit. The case was transferred to the Twenty-Fourth Judicial District Court and allotted to Judge Zeno.
In May 2003, this matter proceeded to a bench trial. At trial, plaintiff testified that he and defendant agreed to $5,000.00 each and that subsequent discussions regarding modifying their agreement applied only if the case went to trial. He further testified that he loaned plaintiff the $25,000.00. Defendant testified that Judge McCabe essentially approved the $25,000.00 attorney fee when he stated that the fee was not unreasonable. Defendant believes he was entitled to that amount either as a contempt of court fee or as reasonable attorney fees for the work he performed in Arias v. Cytec. Defendant denied that he *182 asked plaintiff to loan him the $25,000.00. Defendant stated that plaintiff's letter to him discussing the need to conclude on a fee schedule demonstrates he did not agree to accept $5,000.00 as attorney fees in this case.
After taking the matter under advisement, the trial court found in favor of Mr. Arias, stating:
Upon review of the evidence, we find that an agreement did exist between the parties ... whereby Mr. Albe would render legal services for Mr. Arias in the [Arias v. Cytec] case and that Mr. Arias agreed to provide consulting/expert services for Mr. Albe in the [Franklin v. Cytec] case. Each party would be paid $5,000.00 for services rendered. The record does not support that a judgment for a $25,000.00 fee in a contempt proceeding before [Judge McCabe] was ever rendered. Accordingly, Mr. Albe unlawfully withheld the $20,000.00 from the settlement which he obtained of behalf of Mr. Arias. We find thus Mr. Albe breached the contract existing between himself and Mr. Arias. Since the agreement did not provide for attorney fees should same be the subject of a breach, none have been requested herein and none will be awarded.
The trial court dismissed defendant's reconventional demand asserting defamation as without merit. The trial court awarded plaintiff $20,000.00 plus interest and all costs. This appeal followed.

DISCUSSION
On appeal, defendant argues that the trial court erred in finding that a binding and enforceable contract existed between him and plaintiff that limited his attorney fees to $5,000.00 because there was no meeting of the minds as evidenced by correspondence from plaintiff to him. Additionally, the trial court failed to determine the amount of attorney fees he was entitled to on a quantum meruit basis under La. R.S. 37:218 based on the amount of work he performed in Arias v. Cytec. Plaintiff asserts that defendant consented to the terms of representation by enrolling as co-counsel in Arias v. Cytec. Thus, he was only entitled to $5,000.00 in attorney fees.
It is well settled that a court of appeal may not set aside a trial court's factual finding in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id. Furthermore, a determination as to the existence of a contract is a finding of fact which may not be disturbed on appeal unless it is clearly wrong. O'Glee v. Whitlow, 32,955 (La.App. 2 Cir. 4/7/00), 756 So.2d 1288. In this case, the trial court found a contract existed between plaintiff and defendant. The trial court apparently believed plaintiff's account of the reciprocal services arrangement between he and defendant, and we find that determination is not manifestly erroneous. To us, defendant's credibility became questionable when he mischaracterized Judge McCabe's statement that $25,000.00 was not an unreasonable attorney fee in an attempt to circumvent his original agreement with plaintiff and justify his intent to retain that money as his attorney fee.
Under Louisiana law, formation of a valid and enforceable contract requires capacity, consent, a certain object, and a lawful cause. Marcantel v. Jefferson Door Co., Inc., 01-1307 (La.App. 5 Cir. 4/10/02), 817 So.2d 236. The court must find there was a meeting of the minds of the parties to constitute the requirement of consent. Id. Our review of the record supports the *183 trial court's conclusion. We agree that defendant accepted the terms of the March 27, 1997 letter from plaintiff by enrolling in Arias v. Cytec.
Turning to defendant's assertion that the trial court erred by not awarding him attorney fees based on quantum meruit, we note that where a contract exists there can be no recovery in quantum meruit. Bamburg Steel Buildings, Inc. v. Lawrence General Corp., 36,005 (La.App. 2 Cir. 5/8/02), 817 So.2d 427. A party who knowingly and willingly enters into a contract cannot later successfully assert a claim in unjust enrichment or quantum meruit for services rendered under that contract by attacking the validity and legality of the contract. Id. Because the trial court found that a contract existed between plaintiff and defendant, it did not have to determine if defendant was entitled to attorney fees based on quantum meruit. This assignment of error is without merit.
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed against defendant.
AFFIRMED.