ROBERTA. CHAISSON, Judge.
|2In this breach of contract case, defendants Irvin and Linda Magri appeal the judgment rendered against them in favor of plaintiff, Kenneth Knight. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Mr. Magri owns a residence located at 1721 La. Hwy 1, Grand Isle, Louisiana (the “Grand Isle residence”) which he and Mrs. Magri purchased together from Mr. Mag-ri’s family.[1] As of early 2005, this property had fallen into disrepair. At that time, Mr. Knight and Mr. Magri were long-time friends and colleagues with a history of *313 loaning money to each other, with and without written agreements. Between April 20, 2005, and June 6, 2005, Mr. Knight wrote three checks to Willingham Construction Company (“Willingham”) as payment for repairs and improvements to the Grand Isle residence. These three checks, as well as an additional check for $250 written to the Town of Grand Isle for fees for a dumpster related to the corn struction project, total $29,250. The renovations were completed sometime before August, 2005. Mr. Knight and his girlfriend, Barbara | 3Noble, visited the Grand Isle residence only once after the completion of the repairs sometime in the summer of 2005 prior to Hurricane Katrina; they have not visited the Grand Isle residence since that time. In April 2006, Mr. Magri wrote two $5,000 checks ($10,000 total) to Mr. Knight. Both parties agree that the first check, dated April 17, 2006, was for the repayment of a personal loan made by Mr. Knight to Mr. Magri to fund the purchase of a boat, an agreement memorialized in a promissory note. Mr. Knight alleges that the second check, dated April 18, 2006, was the first repayment of the $29,250 Mr. Knight loaned Mr. Mag-ri for the residential repairs.
On May 9, 2008, Mr. Knight filed a petition for breach of contract and/or' suit on open account pursuant to La. R.S. 9:2871 against the Magris. In the petition, he alleges that he and Mr. Magri entered into a verbal contract on or about April 20, 2005, whereby the sums that he advanced to Willingham on behalf of the--Magris would be repaid once renovations to the Grand Isle residence were completed. Mr. Magri allegedly refused to pay the remaining $24,250 owed. In' addition to his request for relief pursuant to breach of contract and the suit on open account, Mr. Knight also included in his petition a prayer for “any and all.other equitable relief to which he may be entitled.” In his answer to the petition, Mr. Magri denied all of Mr. Knight’s allegations, but in subsequent testimony acknowledged that Mr. Knight had advanced the money to the contractor as payment for repairs to the Grand Isle residence. Mr. Magri argues that the money paid by Mr. Knight was not a loan, but rather was payment for exclusive and unlimited access to a room in the Grand Isle residence for Mr. Knight and his girlfriend.
The case came to trial on January 21, 2015.. Upon the close of the proceedings, the trial court, ruling from the bench, declared that no enforceable | ¿contract existed between the parties, and that any such contract that may have existed was unenforceable for lack of cause. In particular, the trial court was not persuaded by Mr. Magri’s argument that the monies advanced by Mr. Knight were payment for “exclusive access” to a room at the Grand Isle residence because Mr. Magri retained complete and exclusive ownership of the property and could deny Mr. Knight access to the room at any’time. The court went on to find that, pursuant to La. C.C. art. 2298, Mr. Magri was unjustly enriched by payments made by Mr. Knight to the construction company for repairs to the Grand Isle residence. The Court entered judgment in favor of Mr. Knight against the Magris in the amount of $24,250, plus legal interest from the date of judicial demand and all costs of the proceedings.
In their appeal, the Magris raise two assignments of. error: first, the trial court erred in basing its final judgment on enrichment without cause because Mr. Knight did not specifically request. relief based on the theory of unjust enrichment in his pleadings, and the facts set forth in the pleadings did not give the Magris adequate notice of the existence of a claim for unjust enrichment. iUternatively, the trial court erred in its final judgment because *314 Mr. Knight failed to prove the five elements required to -establish an unjust enrichment cause-of action.
Mr. Knight argues that the Magris attempt to divert this Court’s attention from the actual ruling of the trial court, and that unjust enrichment is not the only basis for the judgment because the trial court found that the money paid by Mr. Knight is a “debt owed” by the Magris.
LAW AND ANALYSIS
The applicable standard of appellate review of the factual findings of the trial court is the manifestly erroneous or clearly wrong standard. Troxler v. Breaux, 12-330 (La.App. 5 Cir. 11/27/12), 105 So.3d 944, 948. Under this |fistandard, in order to reverse a trial court’s finding, an appellate court must conduct a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. S.J. v. Lafayette Parish Sch. Bd., 09-2195 (La.7/6/10), 41 So.3d 1119, 1127-28; Stobart v. State, Dep’t of Transp. and Development, 617 So.2d 880, 882 (La.1993). We also observe that appeals are taken from the'trial court’s final judgment, not the written reasons for judgment. Aderholt v. Metro Sec., Inc., 14-880 (La.App. 5 Cir. 3/25/15), 169 So.3d 635, 641. Reasons for judgment set forth the basis for the court’s holding and are not binding. Metairie Carnival Club, Inc. v. Lundgren, 12-246 (La.App. 5 Cir. 10/20/12), 102 So.3d 999, 1002.
In the case before us, the trial judgé’s statements set forth in her written and oral reasons for judgment are arguably open to interpretation, rendering it unclear under which theory of liability she ruled against the Magris. The trial judge stated that “there was not a valid contract to be enforced' between the parties,” but also made the seemingly contradictory statement that “the payments made by Mr. Knight to the contractor constituted a debt owed by Mr. Magri.” The trial judge then went on to discuss the liability of the Mag-ris under a theory of unjust enrichment. Regardless of the theory under which the trial judge found the Magris liable, we find, for the following reasons, that the judgment rendered in favor of Mr. Knight and against the Magris is correct.
Only two theories were placed before the trial judge as to the characterization of the transferred money: Mr. Knight’s claim that it was a loan that was to. be r.epaid, and Mr. Magri’s claim that it was payment for a right of “exclusive access” to a bedroom in the Grand Isle residence. In rejecting Mr. Magri’s characterization of the agreement, the trial judge found that any such ^agreement was unenforceable for lack of cause.[2] In reaching this conclusion, the trial judge necessarily had to make the factual determination that the Magris had not given anything in exchange for Mr. Knight’s payment of the money on their behalf. The trial judge found, that the purported “exclusive access” to one bedroom is a nebulous, unenforceable right when unsupported by any lease or other document showing the granting of such a right to Mr. Knight in exchange for $29,250. We, agree with the trial judge’s rejection of Mr. Magri’s claim that Mr. Knight paid the money in exchange for- “exclusive access” to a bedroom in the Grand Isle residence. The trial judge did not manifestly err in this regard.
In our' opinion, the trial judge’s statement that “there was not a valid con *315 tract to be enforced between the parties,” made in the context of. discussing Mr. Magri’s characterization of the agreement, only referred to the agreement as described by Mr. Magri, not the agreement as described by Mr. Knight. The trial judge specifically stated that “the payments made by Mr. Knight to the contractor constituted a debt owed by Mr. Magri.” However, to the extent that the trial judge may have found that the agreement as described by Mr. Knight was not a valid, enforceable contract, we conclude, for the following reasons, that such finding would be clearly wrong and manifestly erroneous.
Once the trial judge rejected the characterization of the agreement as put forth by Mr. Magri, the only remaining characterization placed before the trial judge was that of Mr. Knight, i,e.,.the money was .a loan to be repaid. Specifically, Mr. Knight claims that he and Mr. Magri had an oral agreement whereby Mr. Knight .agreed to pay Willingham for repairs , to the Grand Isle residence in exchange for Mr. Magri’s promise to repay that money. .
|7The party that demands performance of an obligation must prove the existence of that obligation. La. C.C. art. 1831. If a contract is not reduced to writing and its price or value is greater than $500, the contract must be proved by at least one witness and other corroborating circumstances. La. C.C. art. 1846; Treen Constr. Co. v. Schott, 03-1232 (La.App. 5 Cir. 1/27/04), 866 So.2d 950, 954; Le Blanc v. Falgout, 144 So.2d 616 (La.App. 4 Cir. 1962). A party may offer his own testimony in support of a claim of an oral contract. Gulf Container Repair Servs. v. FIC Bus. & Fin. Ctrs., Inc., 98-1144 (La.App. 5 Cir. 3/10/99), 735 So.2d 41, 43. Corroborating circumstances must come from a source other than the plaintiff. Id. Only .general corroboration is required; it is not meces-sary that the plaintiff offer independent proof of every detail. Id. The question of whether evidence presented, is sufficient to corroborate a clairp under article 1846 is a finding of fact to be . made by the trier of fact and will not be overturned unless it is clearly wrong. Id.
Mr, Knight testified that the money he paid Willingham' for repairs to the Grand Isle residence was a loan meant to be repaid by Mr. Magri upon completion of the renovations. The lawful cause of such an agreement is Mr. Magri’s promise to repay the money. The existence of this oral agreement is corroborated by the testimony of Mr. Knight’s girlfriend, Barbara Noble, in which she claimed to be present at the time of the conversation between Mr. Knight and Mr-. Magri where the agreement for the loan and subséqúent promise to repay the money was made. Mr. Knight also introduced into evidence a check written by Mr. Magri to Mr. Knight on April 18, 2006, for $5,000, which both Mr. Knight and Ms. Noble testified was an initial repayment on the $29,250 loan. Additionally, both Mr. Knight and Mr. Magri testified to a long history of lending each other interest-free loans.
IsAll of. this evidence is sufficient to establish the existence of an oral contract between the parties. This contract was subsequently breached by Mr. Magri’s failure to repay the money owed. To the extent that the trial judge’s reasons:for judgment may be interpreted as entirely excluding any agreement between the parties, such a finding is clearly.wrong and unsupported by the record. Because we find that there was a valid, enforceable oral agreement between the parties for the repayment of the loan, we pretermit as unnecessary any discussion of the validity of the judgment under a theory of unjust enrichment.
*316 CONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of Mr. Knight and against the Magris is affirmed.

AFFIRMED.

. At the time of the alleged contract, the property was owned in community by Mr. and Mrs. Magri. The parties have since divorced, and Mrs. Magri did not make an appearance before the court in this matter.

. An obligation cannot exist without lawful cause. La. C.C. -art.1966. Cause is the reason why a party obligates himself. La. C.C. art.1967. ■