IOANNIS MAROULIS

VERSUS

ENTERGY LOUISIANA, LLC, ET AL.

NO. 20-C-246

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 793-761, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


February 10, 2021


**ROBERT A. CHAISSON**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.


**WRIT GRANTED; SUMMARY JUDGMENT GRANTED;**
**THIRD-PARTY CLAIMS DISMISSED WITH PREJUDICE**
    **RAC**
    **MEJ**
    **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
IOANNIS MAROULIS
>
> Chet G. Boudreaux
> William J. Mitchell, II
> Richard F. Zimmerman, III

COUNSEL FOR DEFENDANT/RELATOR,
SUNBELT RENTAL SCAFFOLD SERVICES, LLC
>
> Kelsey A. Clark
> Douglas K. Williams
> Cullen J. Dupuy
> Druit G. Gremillion, Jr.

COUNSEL FOR DEFENDANT/RESPONDENT,
EVANSTON INS. CO.
>
> Sidney W. Degan, III
> Karl H. Schmid
> Paul A. Eckert

COUNSEL FOR DEFENDANT/RESPONDENT,
HOTEL INVESTORS LLC AND EXPOTEL HOSPITALITY - HIM, LLC
>
> H. Minor Pipes, III
> Stephen L. Miles
> Patrick J. Lorio
> Emily E. Ross

COUNSEL FOR DEFENDANT/RESPONDENT,
AUSI BUILDERS AND CONSTRUCTION, LLC
>
> Michael S. Futrell

COUNSEL FOR DEFENDANT/RESPONDENT,
ENTERGY LOUISIANA, LLC
>
> Catharine O. Gracia
> Sandra Diggs-Miller
> John A. Braymer
> Darryl M. Phillips

COUNSEL FOR DEFENDANT/RESPONDENT,
SCOTTSDALE INDEM. CO.
>
> Douglas M. Kleeman
> Katherine K. Quirk

COUNSEL FOR DEFENDANT/RESPONDENT,
CASTLEMAN DONLEA AND ASSOCIATES, LLC
>
> Andre' C. Gaudin
> Mindy N. Duffourc
> Jason R. Tomlinson

COUNSEL FOR DEFENDANT/RESPONDENT,
ACE AMERICAN INS. CO.
>
> Robert I. Siegel
> Elizabeth A. B. Carville

**CHAISSON, J.**

Sunbelt Rentals Scaffold Services, LLC ("Sunbelt") seeks supervisory review of a June 30, 2020 judgment of the trial court denying its motion for summary judgment seeking dismissal of third-party claims for breach of contract and indemnity filed by Castleman, Donlea, and Associates, LLC ("Castleman"). Pursuant to the provisions of La. C.C.P. art. 966(H), this case was assigned for briefing and oral argument. For the following reasons, we grant this writ application, reverse that portion of the trial court's ruling that denied Sunbelt's motion for summary judgment, render judgment granting Sunbelt's motion for summary judgment, and dismiss Castleman's third-party claims against Sunbelt with prejudice.

**BACKGROUND**

This complex, multiparty case arises from a work-related accident that occurred during the renovation of the Hampton Inn located in Metairie, Louisiana. Hotel Investors, LLC ("Hotel Investors"), the owner of the hotel, and its management company, Expotel Hospitality - HIM, LLC ("Expotel"), hired Sigur Construction, LLC ("Sigur") and Castleman as the general contractors for the project. Castleman, in turn, hired Sunbelt as the scaffolding subcontractor for the project. On April 19, 2018, Ioannis Maroulis, an employee of Sunbelt, suffered an electrical shock when a piece of scaffolding equipment came into contact with an overhead power line.

Mr. Maroulis filed a petition for damages against Hotel Investors and Expotel, and various other defendants, alleging various counts of negligence. Hotel Investors and Expotel then filed a third-party demand against Castleman and its insurer, Evanston Insurance Company ("Evanston"), alleging a breach of the construction contract between Hotel Investors and Castleman and seeking insurance coverage under the Evanston policy. Castleman filed its own third-party

demand against Sunbelt and its insurer, ACE American Insurance Company ("ACE"), seeking contractual indemnification and insurance coverage as an additional insured under the commercial general liability policy issued by ACE.

Castleman alleged in its third-party complaint that Sunbelt owes contractual indemnity to Castleman for the damages asserted by Hotel Investors and Expotel. Castleman further alleged that Sunbelt agreed to provide insurance coverage to Castleman to insure it against claims that arose in connection with Sunbelt's work on the project and to add Castleman as an additional insured on its liability policy that was issued by ACE. According to Castleman, Sunbelt provided it with a certificate of insurance to prove that it had sufficient coverage to insure Castleman against claims arising in connection with Sunbelt's work. Castleman also alleged that Sunbelt is in breach of an oral obligation requiring it to insure Castleman.

In response to Castleman's claims against it, Sunbelt filed a motion for summary judgment in which it asserted that, because no written contract was ever executed between Castleman and Sunbelt, there was no contractual indemnification agreement between them. Sunbelt further asserted there was no evidence of any agreement by Sunbelt to procure insurance for Castleman or add Castleman as an additional insured under its policy.

The trial court denied Sunbelt's motion for summary judgment, finding that there were genuine issues of material fact remaining with respect to whether Sunbelt owes contractual or quasi-contractual indemnity to Castleman. This timely writ application followed.

**DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *David v. Dollar Tree Stores, Inc.*, 19-36 (La. App. 5 Cir. 10/2/19),

282 So.3d 329, 331. The evidentiary burden on a motion for summary judgment before the trial court is articulated in La. C.C.P. art. 966, in pertinent part:

> D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Thus, Sunbelt needed only to show an absence of evidentiary support for Castleman's claims against it to prevail. The evidence introduced by Castleman in support of its claims against Sunbelt included a pricing proposal from Sunbelt, a certificate of insurance showing Sunbelt had obtained an insurance policy from ACE, and the deposition testimony of Ms. Linda Castleman Donlea, a principal of Castleman.

Unlike the prime AIA construction contract between Hotel Investors and Castleman, it is undisputed that no written contract existed between Castleman and Sunbelt. It is also clear that some form of agreement existed between Castleman and Sunbelt whereby Castleman agreed to pay Sunbelt certain sums of money in exchange for scaffolding and other construction services. The parties dispute whether this agreement also included an agreement by Sunbelt to indemnify Castleman or name Castleman as an additional insured on Sunbelt's commercial general liability policy with ACE.[1]

In finding that there remained genuine issues of material fact, the trial court, in its written reasons for judgment, cited the provision of the Sunbelt pricing proposal which states, "all personnel employed and actually engaged in carrying

---

[1] In addition to contractual indemnity, Castleman also alleges that Sunbelt owes Castleman "quasi-contractual indemnity" for the damages asserted by Hotel Investors and Expotel in their third-party demand. Since reforms to our tort law in 1996, Louisiana law no longer recognizes "quasi-contractual" indemnity claims like the ones articulated by Castleman.

out the herein described work will be fully covered by workmens' compensation and general liability insurance in adequate limits." The interpretation of this provision is not a question of fact, but rather a question of law.[2] There is no factual dispute that Sunbelt did obtain CGL and workers' compensation policies to protect itself against risks during the construction project; however, this pricing proposal makes no mention of naming Castleman as an additional insured and does not state that Sunbelt will indemnify Castleman in case of injury to the workers. This pricing proposal supports only the fact that there was a construction agreement between Sunbelt and Castleman, not Castleman's claims that there were agreements to include it as an additional insured on the ACE policy.

Castleman acknowledges that there was no written indemnity agreement, but states that there was an oral agreement between the parties. However, evidence on the motion for summary judgment included the deposition testimony of Ms. Donlea, who was the only party who contracted with Sunbelt on behalf of Castleman. In that deposition, Ms. Donlea specifically testified that she never had any discussions with anyone from Sunbelt regarding a requirement that Sunbelt either name Castleman as an additional insured or obtain insurance coverage for Castleman.

Concerning oral agreements, this Court has previously held:

> The party that demands performance of an obligation must prove the existence of that obligation. La. C.C. art. 1831. If a contract is not reduced to writing and its price or value is greater than $500, the contract must be proved by at least one witness and other corroborating circumstances. La. C.C. art. 1846; *Treen Constr. Co. v. Schott*, 03-1232 (La. App. 5 Cir. 1/27/04), 866 So.2d 950, 954*; Le Blanc v. Falgout*, 144 So.2d 616 (La. App. 4 Cir. 1962). A party may offer his own testimony in support of a claim of an oral contract. *Gulf Container Repair Servs. v. FIC Bus. & Fin. Ctrs., Inc.*, 98-1144 (La. App. 5 Cir. 3/10/99), 735 So.2d 41, 43. Corroborating circumstances must come from a source other than the plaintiff. *Id.*

*Knight v. Magri*, 15-543 (La. App. 5 Cir. 2/24/16), 188 So.3d 311, 315, *writ denied*, 16-0741 (La. 6/3/16), 192 So.3d 747.

---

[2] *See Espinosa v. Accor N. Am., Inc.*, 14-0001 (La. App. 4 Cir. 9/24/14), 148 So.3d 244, 249.

No such corroborating circumstances exist here. While the evidence shows that there existed an agreement between Castleman and Sunbelt for paid services related to the construction project, none of this evidence shows that there ever existed an indemnity agreement between the parties or that Sunbelt was ever obligated to name Castleman as an additional insured on its insurance policy. In the absence of evidence of such an agreement, the trial court erred in denying Sunbelt's motion for summary judgment.

**CONCLUSION**

Upon *de novo* review, we find that Castleman has failed to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Sunbelt is not entitled to summary judgment as a matter of law as required under La. C.C.P. art. 966(D). Accordingly, we grant this writ application, reverse that portion of the trial court's ruling that denied Sunbelt's motion for summary judgment, render judgment granting Sunbelt's motion for summary judgment, and dismiss Castleman's third-party claims against Sunbelt with prejudice.

**<u>WRIT GRANTED; SUMMARY JUDGMENT GRANTED; THIRD-PARTY CLAIMS DISMISSED WITH PREJUDICE</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 10, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-C-246

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)

RICHARD F. ZIMMERMAN, III
(RESPONDENT)
DRUIT G. GREMILLION, JR. (RELATOR)
PATRICK J. LORIO (RESPONDENT)
DARRYL M. PHILLIPS (RESPONDENT)
ELIZABETH A. B. CARVILLE
(RESPONDENT)

CULLEN J. DUPUY (RELATOR)
SIDNEY W. DEGAN, III (RESPONDENT)
STEPHEN L. MILES (RESPONDENT)
DOUGLAS M. KLEEMAN (RESPONDENT)
ROBERT I. SIEGEL (RESPONDENT)

DOUGLAS K. WILLIAMS (RELATOR)
H. MINOR PIPES, III (RESPONDENT)
MICHAEL S. FUTRELL (RESPONDENT)
MINDY N. DUFFOURC (RESPONDENT)

### MAILED

EMILY E. ROSS (RESPONDENT)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 1800
NEW ORLEANS, LA 70163

ANDRE' C. GAUDIN (RESPONDENT)
JASON R. TOMLINSON (RESPONDENT)
ATTORNEYS AT LAW
5213 AIRLINE DRIVE
METAIRIE, LA 70001

JOHN A. BRAYMER (RESPONDENT)
SANDRA DIGGS-MILLER (RESPONDENT)
ATTORNEYS AT LAW
639 LOYOLA AVENUE
26TH FLOOR
NEW ORLEANS, LA 70113

KATHERINE K. QUIRK (RESPONDENT)
ATTORNEY AT LAW
365 CANAL STREET
SUITE 2000
NEW ORLEANS, LA 70130

PAUL A. ECKERT (RESPONDENT)
ATTORNEY AT LAW
5555 HILTON AVENUE
SUITE 620
BATON ROUGE, LA 70808

CATHARINE O. GRACIA (RESPONDENT)
ATTORNEY AT LAW
639 LOYOLA AVENUE
SUITE 2600
NEW ORLEANS, LA 70113

KARL H. SCHMID (RESPONDENT)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 2600
NEW ORLEANS, LA 70130

CHET G. BOUDREAUX (RESPONDENT)
WILLIAM J. MITCHELL, II
(RESPONDENT)
ATTORNEYS AT LAW
5656 HILTON AVENUE
BATON ROUGE, LA 70808

KELSEY A. CLARK (RELATOR)
ATTORNEY AT LAW
ONE AMERICAN PLACE, 23RD FLOOR
POST OFFICE BOX 3197
BATON ROUGE, LA 70821-3197