NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-748

MARIE YBARRA

VERSUS

WILLIAM KEVIN HAYMON, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, 97812
HONORABLE TONY A. BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

LEDRICKA J. THIERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Ledricka J. Thierry, Judges.

AFFIRMED.

**Jack L. Simms, Jr.**
**100 East Texas Street**
**Leesville, LA 71446**
**(337) 238-9393**
**COUNSEL FOR PLAINTIFF/APPELLANT**
      **Marie Ybarra**

**Elvin C. Fontenot, Jr.**
**110 East Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**COUNSEL FOR DEFENDANTS/APPELLEES**
      **William Kevin Haymon & Haymon Construction Company, Inc.**

**THIERRY, Judge.**

This action stems from a motion to enforce a debt. The plaintiff appeals the trial court's finding that she did not meet her burden in proving that the defendants owed an obligation to her. For the reasons that follow, we affirm the findings of the trial court.

## FACTS AND PROCEDURAL HISTORY

On July 29, 2019, Plaintiff/Appellant, Marie Ybarra ("Ybarra"), filed a "Petition to Enforce a Debt" against Defendants/Appellants, William Kevin Haymon ("Haymon"), individually, and Haymon Construction Company, Inc. ("Haymon Construction"). Ybarra claims that she loaned $20,000.00 to Defendants to help them pay delinquent taxes owed to the Internal Revenue Service ("IRS"), but that the loan was never repaid. Defendants deny the allegations.

Haymon was a long-time employee of Ybarra and was still an employee at the time the checks were issued. As a construction worker, Ybarra would hire Haymon for various projects at her properties. The parties never entered into written contracts for the work performed, nor did Haymon send invoices to Ybarra. Rather, their communications were oral. Ybarra often paid Haymon in cash for labor and materials.

It is undisputed that Ybarra paid Haymon Construction $10,000.00 on February 8, 2018, and $10,000.00 on March 22, 2018. The memo on the first check stated "labor + materials," and the memo on the second check stated "materials." Ybarra maintains that the checks constituted a loan that was never repaid by Defendants, while Defendants maintain that the checks constituted payment for construction work.

The trial was held on February 7, 2023, and the trial court issued its order and written reasons on May 22, 2023, dismissing the petition filed by Ybarra and assessing costs against her. The trial court stated, in relevant part:

As the codal articles and case law noted above provide, petitioner bears the burden of proving an obligation exists. While [Ybarra] testified that a loan was made to Kevin Haymon and/or Haymon Construction, the court finds she did not carry her burden of proving this obligation through the testimony of another credible witness. The documentary evidence that was introduced, the checks issued by Marie and Manuel Ybarra, contain the notation "materials" and "materials and labor". The testimony by plaintiff's witnesses is insufficient to overcome the presumption that these checks were written for reimbursement for materials and/or labor provided by defendant Kevin Haymon and/or Haymon Construction.

It is this ruling which Appellant now appeals.

## ASSIGNMENTS OF ERROR

Appellant, Marie Ybarra, alleges the following assignments of error on appeal:

1. [The] Trial Judge's ruling was contrary to the law and the evidence.

2. [The] Trial Judge ruled that the evidence of the debt that plaintiff presented was insufficient under [Louisiana Civil Code article] 1836.

3. The Trial Judge did not consider or give any weight to the proffered testimony of D[e]wayne Phillips.

4. The Trial Judge apparently believed that Kevin Haymon's testimony was true and gave no consideration to [Louisiana Code of Evidence article] 609.

## ANALYSIS

The appellate standard of review of factual findings is manifest error—"clearly wrong standard, which precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety." *Hall v. Folger Coffee Co.*, 03-1734, p. 9 (La. 4/14/04), 874 So.2d 90, 98. An appellate court is not permitted to weight the evidence or substitute its own factual findings, even though it may have decided the case differently. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993).

2

Assignments of Error Numbers One and Two

Louisiana Civil Code Article 1906 defines a contract as "an agreement by two or more parties whereby obligations are created, modified, or extinguished." The party demanding performance of an obligation bears the burden of proving the existence of the obligation. La.Civ.Code art. 1831. "If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances." La.Civ.Code art. 1846.

> Corroborating circumstances must come from a source other than the plaintiff. Only general corroboration is required; it is not necessary that the plaintiff offer independent proof of every detail. The question of whether evidence presented is sufficient to corroborate a claim under article 1846 is a finding of fact to be made by the trier of fact and will not be overturned unless it is clearly wrong.

*Knight v. Magri*, 15-543, p. 7 (La.App. 5 Cir. 2/24/16), 188 So.3d 311, 315, *writ denied*, 16-741 (La. 6/3/16), 192 So.3d 747 (internal citations omitted).

As the party demanding performance, Ybarra bears the burden of proving the existence of a loan. Ybarra testified that Haymon approached her crying about a problem with the IRS, and she agreed to loan him $20,000.00. She testified that she trusted that Haymon would pay her back, but that he never did.

Ybarra suggests that the two $10,000.00 checks constitute evidence of a debt between Haymon and Ybarra. However, the check memos read "labor + materials" and "materials," indicating that the checks, on their face, were payment for Haymon's work on Ybarra's property. Furthermore, Haymon testified at trial that the checks were payment for materials and labor for construction work he performed for Ybarra. At the time the checks were issued, he testified that he and his construction company were actively working on three construction projects for Ybarra. Conversely, Manuel Ybarra, the husband of Marie Ybarra, testified that he wrote those notations in the memos at the request of Haymon, who did not want people at the bank to know he had problems with the IRS.

Ybarra also points to a handwritten document introduced at trial that references the two $10,000.00 checks by number and states "loan" next to the check numbers. The document is dated June 7, 2018, and includes the notation, "problem with IRS," along with another marking that Ybarra claims is Haymon's signature. However, it is difficult to ascertain whether the marking is a signature. Furthermore, when showed the document at trial, Haymon said he had never seen it before. He also denied signing the document and denied that the document contained his handwriting.

At trial, Haymon introduced checks written by Haymon Construction, dating from February 12, 2018 through June 14, 2018. None of the checks produced show that Defendants paid the IRS any substantial amount. One check was written to the "LA Dept of Revenue" on March 7, 2018, for $36.00. Defendants also wrote monthly checks to "Bruce's Tax Services" several times, but the amounts paid are far less than $20,000.00. Many of the checks were written to Stine's, Lowe's, and other construction material stores. Haymon testified that those checks establish that he bought materials for Ybarra's jobs.

Sharon Prater ("Prater"), Haymon's ex-wife, testified that she met with Haymon's accountant, Karen Hooks ("Hooks"), who told Haymon that he needed to put $20,000.00 in an account for taxes. Prater also testified that Ybarra is her friend, and Ybarra asked her to testify. On the other hand, Hooks testified that she did not recall ever "having a meeting telling [Haymon] he needed to come up with $20,000."

The evidence in this case is conflicting, with Ybarra affirmatively testifying that Haymon asked to borrow $20,000.00 because of an IRS problem. However, Haymon denies he ever borrowed money. The other witnesses similarly offered conflicting accounts of whether a debt was owed. The uncontradicted evidence establishes that Haymon was working three different construction projects for Ybarra at the time of the alleged loans. That evidence, coupled with the checks

4

indicating payment for materials and labor, supports Haymon's contention that the checks constituted payment for work performed. It was not manifestly erroneous for the trial court—who was present in court and had opportunity to assess the credibility of the witnesses—to find that Ybarra failed to prove the existence of a debt. Therefore, this assignment of error is without merit.

Assignment of Error Number Three

In this assignment of error, Ybarra alleges that the trial judge did not consider or give any weight to the proffered testimony of Dewayne Phillips ("Phillips"). We first note that Ybarra provides no briefing on this assignment of error, other than identifying the content of Phillips' testimony. Ybarra does not explain how or why the trial court erred. Under Uniform Rules—Courts of Appeal, Rule 2–12.4(B)(4), "[t]he court may deem as abandoned any assignment of error or issue for review which has not been briefed."

Nonetheless, we will address this assignment of error. Our review of the record reveals that the trial court did not err by prohibiting Phillips from testifying. Phillips was not listed as a witness on Ybarra's witness list, which was required to be exchanged thirty days prior to trial. The trial court chose not to permit Phillips' testimony due to Ybarra's failure to comply with the pre-trial discovery rules. As we have previously stated, "[i]t is well established that trial courts are afforded broad discretion when regulating pre-trial discovery, which will not be disturbed absent a clear abuse of discretion." *Gray v. State Farm Mut. Auto. Ins. Co.*, 20-407, p. 4 (La.App. 3 Cir. 2/3/21), 311 So. 3d 490, 493. It is within the trial court's broad discretion to decide whether to permit Phillips' testimony.

Beyond that, we reviewed Phillips' proffered testimony and do not find his testimony to be material. Phillips testified that he overheard a conversation between Ybarra and Haymon concerning the alleged $20,000.00 loan. His testimony did not offer any new evidence, as Ybarra also testified regarding this conversation.

Therefore, even if the trial court had considered Phillips' testimony, such would not have affected the trial court's ruling. This assignment of error is without merit.

Assignment of Error Number Four

In this assignment of error, Ybarra argues that the trial court gave no consideration to La.Code Evid. art. 609 regarding Haymon's testimony about his previous conviction. Ybarra alleges that Haymon's testimony is false, self-serving, and not credible under La.Code Evid. art. 609. That article states, in part:

> A. General civil rule. For the purpose of attacking the credibility of a witness in civil cases, no evidence of the details of the crime of which he was convicted is admissible. However, evidence of the name of the crime of which he was convicted and the date of conviction is admissible if the crime:
>
> . . . .
>
> > (2) Involved dishonesty or false statement, regardless of the punishment.

Ybarra's assignment of error lacks merit. Haymon was convicted of a misdemeanor theft in which Ybarra was the victim. The trial court permitted testimony regarding Haymon's theft conviction pursuant to La.Code Evid. art. 609. Plaintiff's counsel questioned Haymon about the conviction, and Haymon admitted to being convicted and sentenced for the crime of theft. Haymon explained he stored offsite the stolen item at issue—trim material—to protect it from rain damage. He testified that he did not return the trim material to Ybarra because after he moved it offsite, she told him that "she didn't want nothing to do with me…." Following the conviction, Haymon repaid Ybarra the value of the trim material, which was less than $1,000.00.

The trial court, as the trier of fact, was entitled to make its own credibility determinations based on the evidence presented, including that of Haymon's misdemeanor theft conviction. These determinations are owed great deference on appeal.

6

When findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.

*Rosell v. ESCO*, 549 So. 2d 840, 844 (La.1989).

Therefore, this assignment of error is without merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Appellant, Marie Ybarra.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.